**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EMANUEL HORATIO SIMMONS, | : | CIVIL ACTION NO. 08-1770 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| MARQUES ALSTON, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> EMANUEL HORATIO SIMMONS, #30503, Pro Se
> Monmouth County Correctional Institution
> 1 Waterworks Road, Freehold, New Jersey 07728

**COOPER, District Judge**

Plaintiff, Emanuel Horatio Simmons, who is confined at Monmouth County Correctional Institution, seeks to file a complaint in forma pauperis pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, see 28 U.S.C. § 1915(g), this Court will grant Plaintiff in forma pauperis status. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described herein.

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights by Neptune Police Officer Marques Alston and Plaintiff's ex-girlfriend Wanda Faye Howard.  He asserts the following facts, which the Court will regard as true for this review.  <u>See</u> <u>Stevenson v. Carroll</u>, 495 F. 3d 62, 66 (3d Cir. 2007).

> On Jan. 19, 2008 Emanuel Simmons broke-up w/ Wanda Howard and moved out [of] her home w/o incident.  On Jan. 20, 2008 Ms. Howard's car caught fire damaging a small portion of the back of her house.  Mr. Simmons was not charged for fire but Ms. Howard used incident to obtain a restraining order against Mr. Simmons.  On Jan. 21, 2008 Mr. Simmons was served w/his copy of the order by Det. Dugan who also questioned Mr. Simmons about the fire and his whereabouts.  After whereabouts were confirmed Det. Dugan advised Mr. Simmons to appear for Final Hearing of the TRO on Jan. 22, 2008.  And on that date Mr. Simmons appeared and Ms. Howard did not.  Instead Ms. Howard was at Neptune Twp Police Department filing false complaints for violating the same order Mr. Simmons was in court for stating that he called her the day of the hearing.  The complaint does not state time of call nor nature of the call.  Followed by this complaint was a complaint for terroristic threats alleging that on Jan. 21, 2008 soon after the fire Mr. Simmons threnten[ed] Ms. Howard w/future arson which is conflicting to the restraining order and said complaints were faxed to Monmouth County Superior Courthouse Security and Mr. Simmons was taken into custody and imprisoned.  Patrolman Marques Alston of Neptune Twp. Police Dept. is the named complainant in both Ms. Howard's complaints and is also a long time family friend of Ms. Howard never investigate Ms. Howard's story to see whether it was true or not even after learning that I was in court on related matter and he faxed the complaints to court security and had me imprisoned.

(Compl. ¶ 6.)  Plaintiff seeks the following relief for violation of his constitutional rights: "los[s] of income during my wrongful imprisonment $2,000,000.00 for wrongful imprisonment

pain & suffering.  And released from custody." (Id. ¶ VI. Relief.)[1]

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Court, before docketing or as soon as practicable thereafter, must review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court is required to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Federal Rule of Civil Procedure ("Rule") 8(a), however, requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought".

---

[1] Plaintiff's request for release is not cognizable under 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974).  When a person, such as Plaintiff, is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser, 411 U.S. at 500.  If an equitable remedy were available under § 1983 for a person challenging the fact or duration of his confinement, then that inmate could evade the requirement of the federal habeas statute, 28 U.S.C. § 2254(b)(1) and (c), that he exhaust available state court remedies before seeking federal intervention.

3

Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  The Third Circuit Court of Appeals recently clarified the standard for failure to state a claim, in light of the Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007):

> [U]nder our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker, 292 F. 3d at 374 n.7.  See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).

> *                    *                         *

The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context.  Reading Twombly to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean.  "Plausibility" is related to the requirement of a Rule 8 "showing."  In its general discussion, the Supreme Court explained that the concept of a "showing"

requires only notice of a claim and its grounds, and
distinguished such a showing from "a pleader's bare
averment that he wants relief and is entitled to it."
Twombly, 127 S. Ct. at 1965 n.3.  While Rule 12(b)(6)
does not permit dismissal of a well-pleaded complaint
simply because "it strikes a savvy judge that actual
proof of those facts is improbable," the "[f]actual
allegations must be enough to raise a right to relief
above the speculative level."  Id. at 1965.

The Supreme Court's Twombly formulation of the pleading
standard can be summed up thus: stating . . . a claim
requires a complaint with enough factual matter (taken
as true) to suggest the required element.  This does not
impose a probability requirement at the pleading state,
but instead simply calls for enough facts to raise a
reasonable expectation that discovery will reveal
evidence of the necessary element . . . .

The complaint at issue in this case clearly satisfies
this pleading standard, making a sufficient showing of
enough factual matter (taken as true) to suggest the
required elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d

Cir. 2008) (citation and internal quotation marks omitted).

### III.  DISCUSSION

To recover under 42 U.S.C. § 1983, a plaintiff must show:

(1) a person deprived him or caused him to be deprived of a right

secured by the Constitution or laws of the United States, and (2)

the deprivation was done under color of state law.  See West v.

Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398

U.S. 144, 152 (1970).

The Court liberally construes the Complaint to potentially

assert that (1) Howard's false statements to Alston violated

Plaintiff's constitutional rights; (2) Plaintiff's arrest on

January 22, 2008, violated his rights under the Fourth and

5

Fourteenth Amendments; and (3) Alston's failure to adequately investigate Howard's allegations violated his rights.

**A.    State Action**

Plaintiff asserts that Howard is liable under § 1983 because she falsely told Alston that Plaintiff violated the restraining order by telephoning her and made terroristic threats by threatening future arson.  But on the facts alleged in the Complaint, Howard was not acting under color of state law, as required by § 1983.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Plaintiff's claim against Howard fails because a private person's false statement to the police is not state action under § 1983.  See Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983); Adickes, 398 U.S. at 152; Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984).  Plaintiff's § 1983 claim against Howard will be dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**B.    Unconstitutional Arrest**

Plaintiff alleges that he was arrested on January 22, 2008, for violating a temporary restraining order and making terroristic

6

threats based on Howard's false statements to Alston that Plaintiff telephoned her and threatened arson.  The Court construes Plaintiff's allegations here as a potential claim that Plaintiff's arrest violated the Fourth Amendment, applicable to states through the Fourteenth Amendment.

The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause.  See Albright v. Oliver, 510 U.S. 266, 274-75 (1994).  But "when an officer has probable cause to believe a person committed even a minor crime . . . [t]he arrest is constitutionally reasonable." Virginia v. Moore, No. 06-1082, 2008 WL 1805745, at *4 (Apr. 23, 2008); see Mosley v. Wilson, 102 F.3d 85, 94-95 (3d Cir. 1996) ("To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested").

Plaintiff maintains that he was arrested on the basis of Howard's false statements to Alston.  But the constitutionality of Plaintiff's arrest does not depend on whether Howard's statements ultimately prove untrue.  "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person

7

arrested had committed the offense." <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 634 (3d Cir. 1995) (citation omitted).  Given this standard and the absence of the substance of Howard's statement, the Court finds that the facts alleged in the Complaint do not indicate that Plaintiff was arrested without probable cause in violation of the Fourth Amendment.  The Court will dismiss the Fourth Amendment claim for failure to state a claim upon which relief may be granted.

But Plaintiff's allegations do not foreclose the possibility that Howard's statement to Alston was insufficient to establish probable cause to arrest Plaintiff.  The Court will therefore grant Plaintiff thirty days leave to amend the Complaint to set forth the substance of Howard's allegedly false statements to Alston.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-11 (3d Cir. 2002) (unless amendment would be futile, court may not dismiss complaint without permitting amendment).

## C.  Police Investigation

Plaintiff claims that Alston filed criminal charges against Plaintiff, causing Plaintiff's arrest for terroristic threats and violation of a restraining order, without first investigating the truthfulness of Howard's statement.  This § 1983 claim fails, however, because "for Fourth Amendment purposes, the issue is not whether information on which police officers base their request for an arrest warrant resulted from a professionally executed

investigation; rather, the issue is whether that information would warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." <u>Orsatti v. N.J. State Police</u>, 71 F. 3d 480, 484 (3d Cir. 1995). The Court will therefore dismiss the § 1983 claim against Alston based on the alleged failure to conduct an adequate pre-arrest investigation.

## IV.   CONCLUSION

The Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>, and dismiss the Complaint without prejudice to the filing of an amended complaint within 30 days.


             s/ Mary L. Cooper
             **MARY L. COOPER**
             United States District Judge

**Dated:**   May 2, 2008